UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                          08 CR 379 (RPP)

              - against -                 **OPINION AND ORDER**

RAYMOND DACOSTA,

                    Defendant.
----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        The government has moved that, at sentence, Defendant Raymond Dacosta be

found to be "a manager or supervisor" of a conspiracy that "involved five or more

participants or was otherwise extensive," U.S.S.G. § 3B1.1(b), and therefore be denied

the benefit of the so-called "safety valve provision" (the "Broderick provision") of 18

U.S.C. § 3553(f).[1]

        On August 27, 2009, the Court held a *Fatico* hearing on the issue.  Post-trial

briefs were to be submitted by September 25, 2009, but defense counsel's brief was

delayed because of illness.

        As indicated in the pre-sentence report and established by the testimony of Troy

Ingram at the *Fatico* hearing, five people have pled guilty as a part of the Bronx

conspiracy of which the Defendant was a participant: the Defendant; Valerie Harris, his

wife, who kept the financial records of his receipts; Troy Ingram; Takile Ingram; and

Omar McLean.  At the *Fatico* hearing, Ingram also identified as participants a supplier of

---

[1] The Honorable Vincent L. Broderick of this Court, and former Police Commissioner of the City of New York, was in large part responsible for convincing Congress to enact 18 U.S.C. § 3553(f), which provides for relief from mandatory minimum sentences if its provisions are met.

the Defendant, a person named "Jesus," a person named "Pecker," and a California supplier.

The Defendant's written plea agreement, signed by him, acknowledged that he conspired to distribute more than four hundred kilograms of marijuana. Plea Agreement (Dec. 11, 2008). During his plea allocution on December 12, 2008, he admitted that the conspiracy distributed or intended to distribute "[a]bout a thousand pounds, a little more." Transcript of the Dec. 11, 2008 Hearing ("Dec. 11 Tr.") at 24.

The witness Troy Ingram testified that he and his brother Takile Ingram and his cousin Omar McLean were supplied with marijuana by the Defendant, that the Defendant's wife Valerie kept the Defendant's books and marijuana receipts, and that the Defendant received marijuana directly from "Jesus" and "Pecker" (the Defendant's brother-in-law), and a source in California. Transcript of the Aug. 27, 2009 Hearing ("Aug. 27 Tr.") at 12-13, 16, 46, 51, 55-56.

Furthermore, Troy Ingram's testimony made clear that he was supervised by the Defendant, whom he called "Indian." *See United States v. Zicchetello*, 208 F.3d 72, 107 (2d Cir. 2000) ("Contrary to [defendants'] contentions, they are subject to the [supervisory role] enhancement even if they each managed only one other participant, not five."). The Defendant kept a stash of marijuana at Troy Ingram's apartment and instructed him when to deliver it to customers or let customers pick it up. Aug. 27 Tr. at 15, 24, 33, 57. Troy Ingram could not sell it without first calling the Defendant to get instructions. *Id*. at 33. Nor could Troy Ingram buy from or contact the Defendant's suppliers. *Id*. at 12-13, 56. Troy Ingram testified that he also helped the Defendant weigh and package the marijuana. *Id*. at 14. Troy Ingram also testified that he rode with

2

the Defendant when the Defendant was picking up marijuana from his suppliers and

when he made deliveries to his customers.  *Id.* at 15.

By the foregoing proof, the government has shown by more than a preponderance

of the evidence that the Defendant was a manager or a supervisor in a conspiracy

involving five or more participants and is not eligible for the so-called "safety valve"

relief.  U.S.S.G. § 3B1.1(b); 18 U.S.C. § 3553(f)(4).[2]

IT IS SO ORDERED.

Dated:  New York, New York
　　　May **/8**, 2010

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were faxed to:

**Counsel for Defendant:**
**Gary S. Villanueva**
401 Broadway, Suite 1503
New York , NY 10013
Fax: (212)-219-3701

**Counsel for Government:**
Brent Scott Wible, Michael Max Rosensaft
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York , NY 10007
Fax: (212)-637-2527

---

[2] The Court has not referenced Exhibits B through G to the government's brief because those exhibits were not introduced through testimony at the *Fatico* hearing.

3